UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BROOKS,<br><br>        Plaintiff,<br><br>    v.<br><br>KELSEY GUADINIER,<br><br>        Defendant. | Case No.  15-cv-05360-EMC<br><br>**ORDER REMANDING CASE TO STATE COURT** |

    Plaintiff Joseph Brooks has filed suit against Defendants the County of Alameda and three of its employees, namely, Kelsey Gaudinier, J. Miles, and M. McNeil.  Currently pending before the Court is Defendants' motion to dismiss.  *See* Docket No. 12 (motion).  The Court does not rule on the motion to dismiss because, as discussed below, Defendants have failed to show that the Court has subject matter jurisdiction over the case.

    Mr. Brooks initiated his case in state court.  Defendants removed on the basis of federal question jurisdiction – *i.e.*, on the grounds that Mr. Brooks was asserting claims for relief under 42 U.S.C. § 1983.  "Removal and subject matter jurisdiction statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'"  *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014).  Here, "[a]lthough [Mr. Brooks] could have brought this action under section 1983 for violation of his federal constitutional rights, he did not [apparently] do so.  [His] complaint is devoid of any mention of the United States Constitution, federal constitutional amendments, section 1983, or any other federal basis for relief."  *Bryant v. Gallagher*, No. 1:11-cv-01927-AWI-SKO PC, 2011 U.S. Dist. LEXIS 136812, at *3 (E.D. Cal. Nov. 29, 2011).  Moreover, Mr. Brooks's "decision to file suit in state court utilizing a state civil complaint form

alleging state law claims" for an intentional tort suggests that Mr. Brooks "exercised his right to rely exclusively on state law." *Hysell v. Yates*, No. 1:10-cv-00192-SMS PC, 2010 U.S. Dist. LEXIS 28351, at *4 (E.D. Cal. Mar. 25, 2010) (report and recommendation); *see also Bryant*, 2011 U.S. Dist. LEXIS 136812, at *3 (taking note of "Plaintiff's decision to file suit in state court on a state form complaint"; *cf. Ruiz v. Enenmoh*, No. 1:12-cv-00352-SKO PC, 2012 U.S. Dist. LEXIS 62421, at *6 (E.D. Cal. May 3, 2012) (noting that "Plaintiff's claims are not governed exclusively by federal law, thereby permitting, or requiring, recharacterization as a federal claim[;] [w]here a plaintiff can maintain claims under both federal and state law, he is entitled to rely exclusively on state law, ignoring the availability of relief under federal law").

Because doubts are resolved against removability and the complaint is not based on federal law, Defendants have not met their burden of proof and, accordingly, the Court remands this case back to the Alameda County Superior Court. The hearing on Defendants' motion to dismiss, which was set for January 28, 2016, is hereby **VACATED**. Because the Court lacks subject matter jurisdiction, it makes no ruling on the motion to dismiss.

The Clerk of the Court shall remand and close the file in this case.

**IT IS SO ORDERED**.

Dated: January 12, 2016

_____
EDWARD M. CHEN
United States District Judge